Rosel Kautt and Eugene Koenig, Trading as Reliable Machine Products, Appellees, v. Bernard B. Se Breny and Eugenia P. Se Breny, Trading as Rubber Lining Engineers and American Industrial Rubber Company, Appellants.

**Gen. No. 45,135.**

Opinion filed November 29, 1950. Released for publication February 23, 1951.

BEN COPPLE, of Chicago, for appellant.

RUDNICK & WOLFE, of Chicago, for appellees; MITCHELL LEIKIN, of Chicago, of counsel.

MR. PRESIDING JUSTICE BURKE delivered the opinion of the court.

Rosel Kautt and Eugene Koenig, copartners, trading as Reliable Machine Products, filed a statement in the municipal court of Chicago against Bernard B. Se Breny and Eugenia P. Se Breny, copartners, trading as Rubber Lining Engineers and American Industrial Rubber Company, a corporation. The suit was based on two separate claims. The defendants were joined in one suit because they had sold plaintiffs two machines for which each of the defendants was entitled to a credit of $575, which was paid by the plaintiffs doing certain machine work for each of the defendants. The claim against Bernard B. Se Breny and Eugenia P. Se Breny, copartners, trading as Rubber Lining Engineers, was settled and the suit dismissed as to them. The claim against the American Industrial Rubber Company, a corporation, was based upon the construction of a small laboratory rubber mill by plaintiffs,

part of the materials being supplied by the defendant and part by the plaintiffs. Defendant's theory is that the laboratory rubber mill, constructed by plaintiffs, has hollow rollers through which water is piped for the purpose of cooling the rollers while in use; that these hollow rollers, due to defective workmanship, leak in the ends and the seepage of water saturates the rubber compounds, when milled, rendering the milling operation useless; and that plaintiffs have failed to construct a proper laboratory rubber mill and therefore are not entitled to be paid. A trial before the court without a jury resulted in a judgment against defendant for $462.99, to reverse which this appeal is prosecuted.

 There was no court reporter present at the trial. In the record there is a stipulation as to the facts. No useful purpose will be served by recounting the facts. The stipulation shows that there was sufficient competent evidence to sustain plaintiffs' allegations. The court found in favor of the plaintiffs and entered judgment accordingly. In a case tried by the court without a jury the judgment will not be reversed unless manifestly contrary to the weight of the evidence. The court was the sole judge of the credibility of the witnesses and the weight to be given to their testimony. The testimony was conflicting. On the record we would not be justified in disturbing the judgment.

 Defendant argues that the court erred in refusing to reopen the case to permit Jack Leeds to testify. About two weeks after the judgment was entered defendant filed a petition, supported by an affidavit of Jack Leeds, praying that the judgment be vacated and that defendant be given an opportunity to introduce additional evidence. The court denied the motion. Defendant cites in support of his argument cases where the reviewing court refused to interfere

with the discretion of the trial court. In the cases cited the court permitted the case to be opened for the hearing of further evidence after both parties had rested. It was held on appeal that the exercise of discretion would not be disturbed unless there was a clear abuse of that discretion. Defendant had full opportunity to prove any claim it had as to the mill at the time of the trial. If it was taken by surprise by evidence introduced at the trial, it should have made a showing before the court and requested a postponement in order to introduce testimony. We find that the record does not show any abuse of discretion by the trial judge in refusing to reopen the case for the purpose of introducing additional evidence.

For the reasons stated, the judgment of the municipal court of Chicago is affirmed.

*Judgment affirmed.*

KILEY and LEWE, JJ., concur.